IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

vs.  **INFORMATION**
     3:24cr101/TKW

**GREMEX SHIPPING S.A. de C.V.**
_____/

**THE UNITED STATES ATTORNEY CHARGES:**

At all times relevant to this Criminal Information:

## I.   INTRODUCTION

1. Defendant **GREMEX SHIPPING S.A de C.V.** ("Defendant") was a Mexican-domiciled corporation, which operated as a ship management company with its principal office located in Tampico, Mexico.

2. The *M/V Suhar* was a 7,602 gross ton ocean-going bulk carrier specifically designed to haul cement. The vessel was registered under the flag administration of Panama, owned by a company with its principal office in the Republic of Panama, and chartered by a separate company with its principal office also in the Republic of Panama.

3. Beginning in approximately March 2021, day-to-day operation of the *M/V Suhar* was undertaken by Defendant. As part of its operation of the vessel, Defendant assumed all administrative functions related to crew,

technical and safety management involving the *M/V Suhar*. The *M/V Suhar* was operated by officers and crewmembers working on behalf of Defendant and managed by Defendant's employees.

4. One of the officers working aboard the *M/V Suhar* was the Chief Engineer, who was the most senior officer within the vessel's engine room. As part of his responsibilities, the Chief Engineer made entries into the vessel's Oil Record Book ("ORB"), including entries related to the discharge or disposal of oily bilge water.

## II.   LEGAL FRAMEWORK

5. The United States is part of an international regime which regulates marine pollution, including the discharge of oil from vessels at sea, known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et. seq.* The regulations promulgated under APPS apply to vessels operating under the authority of a country other than the United States, while in the navigable waters of the United States or while at a port or terminal under the jurisdiction of the United States. 33 C.F.R. § 151.09(a)(5).

6. On large commercial vessels bilge water accumulates in bilge wells, the bottommost part of the vessel. Bilge water, which consists of water from spills,

leaks from piping or tanks, or rain and waves, is typically contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. Periodically this oily bilge water is pumped into the vessel's bilge holding tank. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge water can be discharged ashore to a waste reception facility: or (2) it may be pumped over the side of the vessel into the ocean after having been processed through an Oily Water Separator ("OWS"). Pursuant to MARPOL and APPS, oily bilge water may be discharged overboard into the ocean only if it contains 15 parts per million ("ppm") or less concentration of oil. The principal technology used to lower the oil content of oily bilge water is an OWS, which filters oil from water prior to discharge. An OWS includes an Oil Content Monitor which detects and prevents concentrations of oil in excess of 15 ppm from being discharged overboard.

7. Consistent with the requirements contained in MARPOL, regulations implementing APPS require that a ship of 400 gross tons and above other than an oil tanker, maintain a record known as an ORB in which each discharge overboard or other disposal of bilge water that has accumulated in the machinery spaces must be recorded. 33 C.F.R. § 151.25(a) and (d). The ORB also must include entries concerning any emergency, accidental, or other

exceptional discharges. 33 C.F.R. § 151.25(g). Discharges must be fully recorded, without delay, in the ORB by the person in charge of the operation. 33 C.F.R. § 151.25(h). Each completed operation must be signed by the person in charge of the operation, and each completed page of the ORB must also be signed by the master or other person having charge of the vessel. *Id.* The master or other person in charge of the vessel is responsible for maintaining the ORB. 33 C.F.R. § 151.25(j). The ORB must be maintained onboard the vessel for not less than three years and be readily available for inspection at all reasonable times. MARPOL, Annex I, Regulation 17; 33 C.F.R. § 151.25(i).

8. APPS makes it a crime for any person to knowingly violate the MARPOL Protocol, APPS, or any regulation promulgated under APPS. 33 U.S.C. § 1908(a).

9. The United States Coast Guard ("Coast Guard"), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law including MARPOL and APPS. In conducting inspections, commonly known as Port State Control examinations, Coast Guard personnel rely upon the statements of the vessel's crew, and vessel documents such as the ORB.

### III.    THE CHARGE

10. On or about August 25, 2023, personnel from the Coast Guard boarded the *M/V Suhar* following its arrival in Pensacola, Florida, for the purpose of conducting a Port State Control examination of the vessel. The purpose of this examination was in part to determine whether the vessel previously had discharged any oily bilge water in violation of MARPOL, APPS, or any applicable regulations, and whether all discharges were properly recorded in the vessel's ORB.

11. During the course of this examination, the Coast Guard determined that the ORB failed to include entries of all discharges of oily bilge water from the vessel.

### COUNT 1
**Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a)**

12. Paragraphs 1 through 11 of the Information are specifically incorporated and realleged herein.

13. From on or about April 22, 2021, through on or about August 25, 2023, within the navigable waters of the United States and while at a port within the jurisdiction of the United States, located within the Northern District of Florida, the Defendant,

**GREMEX SHIPPING S.A de C.V.**

by and through its crewmember agents and employees acting within the scope of their agency and employment and for the intended benefit of the Defendant, did knowingly fail to maintain an accurate ORB for the *M/V Suhar*, by not recording all overboard discharges of bilge water that had accumulated in machinery spaces. Specifically, the Defendant maintained an ORB that failed to accurately and completely record discharges into the ocean of bilge water that were made without the use of an OWS and oil monitoring equipment.

In violation of Title 33, United States Code, Section 1908(a), and Title 33, Code of Federal Regulations, Sections 151.09(a)(5) and 151.25(d)(4).

_____     10/23/24
JASON R. COODY                      DATE
United States Attorney

_____
J. RYAN LOVE
Assistant United States Attorney

_____
JOEL LA BISSONNIERE
Trial Attorney
Environmental Crimes Section
United States Department of Justice